```
LA7HLAN1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                            18 Cr. 601 (PGG)

JEAN-C LAUDE OKONGO LANDJI and
JIBRIL ADAMU,

                Defendants.

------------------------------x
                                          New York, N.Y.
                                          October 7, 2021
                                          12:45 p.m.

Before:

                    HON. PAUL G. GARDEPHE,

                                          District Judge
                                          and a Jury

                         APPEARANCES

AUDREY STRAUSS
     United States Attorney for the
     Southern District of New York
MATTHEW HELLMAN
ELINOR L. TARLOW
     Assistant United States Attorneys

SHER TREMONTE LLP
     Attorneys for Defendant Landji
MICHAEL TREMONTE
NOAM BIALE

THOMAS F.X. DUNN
JACQUELINE E. CISTARO
     Attorneys for Defendant Adamu


Also Present:

Emmanuel Orji, Interpreter (French)
Eric Heuberger, Interpreter (French)
```

1              (In open court; jury present)

2              THE COURT: All right. I would ask those who were

3    selected for the jury to please stand and raise your right

4    hands. We will now administer the oath to the jury.

5              Mr. Ruocco.

6              (A jury of twelve and three alternates was impaneled

7    and sworn)

8              THE COURT: Ladies and gentlemen, you are now our

9    jury. There is no higher function in our legal system. From

10   now on, whenever you enter or leave the courtroom as a jury,

11   Mr. Ruocco will instruct the parties and the audience to rise,

12   the same as he does for me, because you are every bit as

13   powerful and important as any judge.

14             I want to reintroduce you to some of the people who

15   are here in the courtroom. I am the judge, and as I told you,

16   my name is Paul Gardephe. I want you to know that the trial

17   will be proceeding upstairs in Courtroom 26B. You'll be in a

18   jury room when you're not in 26B hearing testimony. The jury

19   room is on the 11th floor. The jury staff will give you more

20   details about that in just a minute.

21             You've already met Mr. Landji and his attorneys,

22   Mr. Tremonte and Mr. Biale, and you've met Mr. Adamu and his

23   attorneys, Mr. Dunn and Ms. Cistaro. And of course, for the

24   government I have introduced you to Mr. Hellman and Ms. Tarlow,

25   the Assistant United States Attorneys who will be presenting

1  the case, as well as Agent Maher of the DEA and paralegal
2  Minikel who will be assisting Mr. Hellman and Ms. Tarlow in
3  presenting the government's case.
4       Seated to my left is Mr. Michael Ruocco.  He's my
5  deputy.  He's the person to speak with during the trial if you
6  have questions or any difficulties.
7       What we're going to do now is I'm going to give you
8  certain preliminary instructions that will take about ten
9  minutes.  After that, Mr. Ruocco and jury department personnel
10 will take you to the judge room where you will report each
11 morning for trial.  Mr. Ruocco will ask you to give him a
12 telephone number where you can be reached if there is an
13 emergency.
14      I think I've already told you, but let me repeat that
15 our trial days will begin at 9:30 a.m., and they will end at
16 2:30 p.m.  We'll not be taking a formal lunch break, but there
17 will be two breaks during the day.  We'll take a break around
18 11:15, or so, for 15 or 20 minutes and another break around
19 1 o'clock, or so, again for 15 or 20 minutes.  You might want
20 to bring a snack for the breaks.  If anyone needs a recess at
21 any other time, just raise your hand, let me know, and we'll
22 take a break.
23      I would ask you to be on time after breaks, as well as
24 in the morning, because if one of you is late, you will keep
25 everyone else waiting.  So it is important to be on time.

1    I'll now begin with my preliminary instructions.  As I
2 said, that will take about ten minutes.
3    Members of the jury, in the American system of
4 justice, the judge and the jury have separate roles, and I've
5 explained some of this to you already.  I'll go into more
6 detail now.
7    The job of the judge is to instruct the jury as to the
8 law that governs, or controls, the case.  I'll give you some
9 instructions now, and I'll give you others from time to time
10 during the trial.  At the end of the trial, I will give you
11 detailed instructions about the law you will need to apply when
12 you deliberate.
13    Your job as jurors, as I have said, is to determine
14 the facts based on the evidence presented at the trial.  That
15 is to say, it's your role to decide what actually happened
16 here.  The jury is the only trier of fact, and the jury's
17 decisions about the factual issues will determine the outcome
18 of the trial.
19    You must not take anything I may say or do during the
20 trial as indication of what your verdict should be.  Please
21 don't be influenced by any notes I might take during the
22 testimony.  What I write down may have nothing to do with the
23 matters that you'll be asked to address at the conclusion of
24 the trial.  It's critically important that you each pay close
25 attention to the evidence presented.  Evidence consists only of

1  the testimony of witnesses, of documents, and other things that
2  are received in evidence.  And you'll hear me say "received,"
3  and when I say "received," that means the item has been
4  received in evidence and is something you can consider as
5  evidence.
6             Sometimes the lawyers reach stipulations or agreements
7  as to facts, and when they do that, their agreement as to
8  facts, that constitutes evidence also.  But much of what you
9  will hear during the trial is not evidence, and it's important
10 that you not consider it as evidence.  For example, statements
11 and arguments by lawyers are not evidence.  They're simply
12 arguments in which the lawyers will tell you what they think
13 the evidence will be and how they think you should analyze the
14 evidence.  You should give the lawyers' arguments only as much
15 weight as is consistent with your own common sense, and you
16 should under no circumstances consider a lawyer's statements
17 and arguments as evidence.
18            Any statement I may make to you is not evidence.
19 Questions by lawyers are not evidence.  Only the answers given
20 by the witness are evidence.  The questions that the lawyers
21 ask are only important insofar as they place witnesses' answers
22 in context.  For example, if a witness was asked:  It was
23 raining on June 2, wasn't it?  And the witness answers, No,
24 then based on that question and answer, there's no evidence in
25 the case that it was raining on June 2.

|   |   |
|---|---|
| 1 | From time to time you'll hear objections made by |
| 2 | lawyers.  Objections to questions are also not evidence. |
| 3 | Lawyers have an obligation to make an objection when they |
| 4 | believe that evidence is being offered that's improper under |
| 5 | the Rules of Evidence.  You should not be influenced by the |
| 6 | objection.  If I sustain the objection, you'll hear me say |
| 7 | "sustained," and you should ignore the question and any answer |
| 8 | that may have been given.  If I overrule the objection, you'll |
| 9 | hear me say "overruled," and you should treat the answer just |
| 10 | like any other. |
| 11 | Any testimony that I exclude or strike or tell you to |
| 12 | disregard is not evidence, and you must not consider it.  If I |
| 13 | instruct you that certain evidence has only been received for a |
| 14 | limited purpose, you must follow that instruction.  Anything |
| 15 | you may have seen or heard about the case outside the courtroom |
| 16 | or may hear in the future is not evidence, and you must |
| 17 | disregard it.  As I have said many times, you must decide the |
| 18 | case based solely on the evidence presented in the courtroom. |
| 19 | In deciding the facts of the case, that is to say, |
| 20 | what happened, you will have to make decisions about the |
| 21 | credibility of the witnesses, that is, how truthful and |
| 22 | believable they are.  How do you decide what to believe and |
| 23 | what not to believe?  You're going to listen carefully to the |
| 24 | witnesses, watch them and observe them, and then decide, as you |
| 25 | would decide such questions in your ordinary lives.  Did the |

witness appear to know what the witness was talking about?  Was the witness candid, honest, open, and truthful, or did the witness appear to be falsifying, exaggerating, or distorting what happened?  Is there any reason to think the witness might be lying or just plain mistaken about what they're telling you?  Sometimes it's not so much what a witness says, but how he or she says it that may give you a clue as to whether or not you can accept that witness' version of an incident or an event as credible or believable.

In short, the way a witness testifies may play an important part in your reaching a judgment as to whether or not you can accept the witness' testimony as reliable.  You need to use your common sense and life experience in evaluating each witness' testimony.

As the trial proceeds, you may develop impressions of a witness or a particular issue.  You must not allow these impressions to become fixed or hardened.  In other words, you shouldn't make up your mind right away.  If you do, you will prevent yourself from fairly considering the testimony of other witnesses or your consideration of other evidence that may be presented after the witnesses or witnesses that you have heard.  This would be unfair to one side or the other.  A case can only be presented step by step, witness by witness.  We know from experience that frequently one person's initial description of an event might sound impressive and even compelling, but when

1    we hear another person's version of the same event, or even the
2    same witness cross-examined about the event, what seemed to be
3    very compelling and impressive may fall apart or become less
4    convincing.  So please remember that there may be another side
5    to every witness' story.
6             You will use your common sense and good judgment to
7    evaluate each witness' testimony based on all the
8    circumstances.
9             You must keep an open mind until the trial is over.
10   You should not reach any conclusion until you have all the
11   evidence before you.
12            Some of you may wish to take notes during the trial,
13   and you're welcome to do so.  If you do take notes, be sure
14   that your note-taking does not interfere with your listening to
15   and considering all the evidence.  Also, if you do take notes,
16   don't discuss your notes with anyone before or during your
17   deliberations.  Your notes are to be used solely to assist you
18   and are not to substitute for your recollection of the evidence
19   in the case.  The fact that a particular juror has taken notes
20   does not entitle that juror's views to any greater weight than
21   the views of any other juror, and your notes are not to be
22   shown to any other juror during your deliberations.
23            If during your deliberations you have any doubt as to
24   any of the testimony, you will be permitted to request that the
25   relevant portion of the trial transcript be sent back to you in

the jury room.

There are three basic rules about a criminal case that you must keep in mind:

First, a defendant is presumed innocent. The charge alleged against the defendant in the indictment is only an accusation, and it's proof of nothing. The defendants start out with a clean slate.

Second, the burden of proof is on the government at all times. A defendant has no burden to prove his innocence or to present any evidence or to testify. Since a defendant has the right to remain silent, the law prohibits you from arriving at your verdict by considering that the defendant may not have testified.

Third, the government must prove a defendant's guilt beyond a reasonable doubt. I will give you further instruction on this point later, but as I've told you before, bear in mind that this standard is higher than that which applied at the grand jury. It's also a higher standard for those of you who may have sat in civil cases where the burden of proof is a preponderance of the evidence. The standard of proof here is beyond a reasonable doubt, which is a higher standard than a preponderance of the evidence.

In order to ensure that you decide the case based solely on the evidence and that you not be influenced in any way by anything that might occur outside the courtroom, I must

1  give you the following instructions:

2  First, don't discuss the case among yourselves or with
3  anyone else, including members of your family or your friends
4  until the case is over.  You may tell your family that you're a
5  juror in a case, but don't tell them anything else until after
6  you've been discharged by me.

7  Also, you may discuss the case among yourselves only
8  after all the evidence is in and the case has been given to you
9  to discuss, to deliberate, and to decide in the jury room.
10 This rule is important because experience has shown that when
11 you express an opinion about a witness or about some other
12 issue in the case, you begin to identify more strongly with
13 that opinion.  And since it's vitally important that you keep
14 an open mind until you've heard all the evidence, you should
15 not discuss the case with anyone, including your fellow jurors,
16 or communicate about the case in any fashion until the case is
17 given to you at the end of the trial for you to reach a
18 verdict.

19 I want to emphasize that you can't read anything in
20 the newspapers, over the Internet, or anyplace else about the
21 case.  You can't listen to or watch any reporting about the
22 case, if it should be broadcast on TV or over the radio.  And
23 you can't do any research about the case.  Again, your decision
24 has to be based solely on the evidence received in the
25 courtroom and on nothing else.

1          Don't let anyone speak to you about the case.  If
2    you're approached by someone to speak about it, tell them that
3    the judge has directed you not to do so.  If anyone seeks to
4    contact you or does contact you about the case, you must
5    immediately report that to me.
6          Be sure that I'm informed if someone you know happens
7    to come into the courtroom.  The courtroom will be in a public
8    location, of course.  It's a public trial, so that could
9    happen.  But it's important that you don't hear from someone
10   else in the courtroom's audience what may have happened in the
11   courtroom while the jury was not present.  So if a friend or
12   relative or acquaintance has to come into the courtroom, please
13   send a note to me through Mr. Ruocco at your first opportunity.
14         The attorneys, the parties, and the witnesses are not
15   supposed to talk to the jury outside the courtroom, even to say
16   a friendly hello.  So if you happen to see any of the lawyers,
17   the witnesses, or the parties outside the courtroom, they will
18   not and should not speak to you.  Please don't take any
19   offense.  They'll only be acting properly by not speaking with
20   you.
21         The parties are entitled to have you render a verdict
22   in this case on the basis of your independent evaluation of the
23   evidence presented in the courtroom.  Obviously, speaking to
24   others about the case or exposing yourself to information
25   outside the courtroom would compromise your jury service and

the duty of fairness you owe to both sides.

Finally, let me say a few words about trial procedure. The trial has essentially three stages:

First, the lawyers have the opportunity to make opening statements to you. As I've said, these statements, these opening statements, are not evidence. The purpose of opening statements is for the lawyers to give you a preview or a roadmap of what they think the evidence will be. Actual evidence, however, only comes from the witnesses and the exhibits.

After the opening statements, you will hear testimony from witnesses. Because the government has the burden of proof, the government will call its witnesses first. Each witness will first give direct testimony, and then he or she may be cross-examined by the defendants' lawyers. Sometimes there's redirect testimony and recross-examination. Also, exhibits and stipulations or agreements as to facts may be received in evidence.

After the government's case, the defendants may, but they're not required to, present witnesses and other evidence. If the defense calls witnesses, those witnesses will be examined and cross-examined, just as the government's witnesses were. If the defendants present evidence, it's possible the government may then present some rebuttal to that evidence. Of course, the defendants never have to testify or present any

1  evidence at all, and the burden of proof at all times remains
2  with the government.
3      After all the evidence has been received, the
4  government and the defendants will have an opportunity to make
5  closing arguments to you.  The lawyers will review the evidence
6  with you and make arguments as to what conclusions they think
7  you should or should not draw from the evidence.  These
8  arguments also are not themselves evidence, but they may be
9  helpful to you in reviewing the evidence during your
10 deliberations.
11     After these closing arguments, or summations as they
12 are called, I will give you detailed instructions as to the law
13 that applies and controls in this case, and you must follow my
14 instructions.  Then you will go into the jury room to
15 deliberate and discuss the evidence in order to decide the
16 facts and render your verdict.
17     From time to time during the trial, it may be
18 necessary for me to talk with the lawyers out of the hearing of
19 the jury, either by having a conference at the bench when the
20 jury is present in the courtroom or by calling a recess.  The
21 lawyers and I will do this as little as possible.  Please
22 understand that while you are waiting, we are working.  The
23 purpose of any conference outside your hearing is not to keep
24 relevant information from you, but, rather, for me to decide
25 procedural issues or how proposed evidence should be treated

1    under the Rules of Evidence.

2             That concludes my preliminary instructions to you.
3    Let me tell you what the schedule is going to be going forward.
4    I am going to send you home now.  It's approximately five past
5    2:00.  Before you leave the courthouse, the jury staff and
6    Mr. Ruocco will show you to the jury room, which is on the 11th
7    floor.  The jury room is where you will report each morning,
8    and then they'll bring you from the jury room, which is Room
9    11B on the 11th floor; they'll take you from there to our
10   courtroom, which is, as I said, Courtroom 26B.

11            As I told you at the outset, Courtroom 26B has been
12   specially outfitted so that it's safe for us all to be there
13   during the pandemic.  So when you come into the courtroom,
14   you'll see that the seats in which the jury sits are quite
15   spread out.  In fact, they're spread from the front of the
16   courtroom all the way to the back.  You'll notice that the
17   witness stand is enclosed in Plexiglas and that there's a HEPA
18   filter going on in there.  And you'll notice that the lawyers
19   are going to be speaking from a Plexiglas-enclosed podium.  So
20   it doesn't look like the courtroom that we would have used
21   prior to the pandemic.  It's been specially designed so that
22   all of us will be safe.

23            For our part, the lawyers and I, there's a hearing
24   that I'm going to be conducting this afternoon in this case
25   which may extend into tomorrow.  So the jury will not be

1   sitting tomorrow.  Also, Monday is a federal holiday, and the
2   courthouse is closed.  It's Columbus Day.  So we will not be
3   able to sit on Monday.  So I'm going to ask you to report to
4   the jury room on the 11th floor on Tuesday, October 12, at
5   9:30.  At that time we will begin with the opening statements,
6   and then we will begin to receive witness testimony.
7            Between then and now, please keep in mind that as a
8   juror in the case, you can't speak with anyone about the case.
9   Again, please don't expose yourself to any information about
10  the case outside the courtroom.
11           I wish you a pleasant evening, a pleasant weekend, and
12  I'll see you Tuesday, October 12, at 9:30.  The jury staff will
13  direct you now to the jury room on the 11th floor.
14           Thank you all so much.
15           (Jury excused)
16           THE COURT:  Please be seated.
17           All right.  The time now -- I guess I said it was
18  2:05.  I couldn't read the clock clearly.  I guess it's about
19  1:10 now.  So we're going to take a recess until 2:10, and then
20  we'll proceed with a hearing at 2:10 in Courtroom 705.
21           MR. TREMONTE:  May I be heard briefly?
22           THE COURT:  Yes.
23           MR. TREMONTE:  There's no amplification.  I hope the
24  Court can hear.
25           THE COURT:  I hear you.

Case 1:18-cr-00601-PGG   Document 608   Filed 10/28/21   Page 16 of 20   42
LA7HLAN1

1          MR. TREMONTE:  Your Honor, we have an application
2    bases based on the fact that, as I understand it, the primary
3    objective of the continuation of the hearing is to afford the
4    defense an opportunity to confront the government's proof on
5    the question of taint.  The government had the benefit of last
6    night to prepare for the hearing, and for whatever reason, we
7    didn't receive 3500 material or any notice as to who the
8    witness would be, witnesses would be, until 2 o'clock in the
9    morning.  So we have not effectively had an opportunity to
10   prepare to confront the government's proof, and for that reason
11   would request that we adjourn the commencement of the hearing
12   until tomorrow morning.
13         THE COURT:  Does the government wish to be heard?
14         MS. TARLOW:  Yes, your Honor.  We would oppose that
15   request.  We did produce 3500 late last night, early this
16   morning, in part because we were in court all day and needed to
17   request the 3500 material from the witnesses.  We also would
18   note that the 3500 material is not that voluminous.  It is 26
19   documents, amounting to approximately 120 pages, but mainly
20   consists of email communications.  Therefore, each page is not
21   necessarily that significant in text or volume.
22         THE COURT:  Well, let me ask the parties to give me an
23   estimate of how long they think this hearing is going to take.
24         MS. TARLOW:  Your Honor, the government expects to
25   call the same witnesses that it called at the last *Kastigar*

1    hearing, so six witnesses.  Each direct examination will be
2    relatively short.  I would say ten to 15 minutes.  The only
3    thing I would note for your Honor is if your Honor is
4    considering defense counsel's request, is that two of the
5    witnesses are currently abroad.  One is in Kenya.  One is on
6    vacation in Italy.  They have very limited service.
7             So we have been trying to coordinate with them today
8    in order to ensure that they would be available.  I have not
9    conferred with them to determine if they will have that same
10   availability, in particular the ability to use
11   videoconferencing, which I know is defense counsel's
12   preference.  So we would need to ensure that they even would be
13   available tomorrow.  We also have the concern that, to the
14   extent your Honor wanted to hear from additional witnesses or
15   have additional evidence, if the proceedings started tomorrow,
16   the government might not have the opportunity to do that for
17   your Honor before trial started on Tuesday.
18             MR. TREMONTE:  Your Honor, we don't anticipate that
19   the hearing will take any longer, given the government's
20   characterization of what it expects to present on direct.  Much
21   of the examination and some of the cross-examination at the
22   prior two days' worth of hearing was occupied with
23   preliminaries.  That's as to the logistics.  So I have some
24   confidence, your Honor, that we can complete it in a day.
25             But I would emphasize the key point here is that we

need to have a meaningful opportunity to confront the government's witnesses, and we simply have not had the benefit of the time that the government has enjoyed because, for reasons that I don't understand, we didn't get anything until 2:00 in the morning, despite the fact that they have other Assistant U.S. Attorneys who are staffed on this case, or at least were at some point, and could have focused on it. So I think, as a matter of fairness, we should have the benefit of another evening.

THE COURT: Well, I think part of this turns on whether the witnesses are going to be available on Friday. So I think, before we make any decisions about what's going to happen, I need to know whether the government's witnesses are going to be available on Friday, because they're available today.

MS. TARLOW: Understood, your Honor. I can make those calls as soon as we recess.

THE COURT: Why don't you do that. Do you think you can reach them quickly?

MS. TARLOW: I will try to, your Honor.

THE COURT: All right. So we'll briefly recess so that the government can contact the agents, and then let us know whether they're going to be available on Friday.

MR. TREMONTE: Thank you, your Honor.

(Recess)

1    MS. TARLOW:  Your Honor, I've spoken to the witnesses,
2 so we are ready to proceed whenever your Honor is.
3    THE COURT:  All right.  Do we have the court reporter?
4    THE REPORTER:  Yes.
5    THE COURT:  Yes.  What do you have to report?
6    MS. TARLOW:  Yes, your Honor.  So I spoke with the
7 witnesses in Kenya and Italy, and they both are available
8 tomorrow.  They have the same limitations on service, but they
9 will endeavor to try and find areas where they can be
10 available.  We would just note again for your Honor that we are
11 calling six witnesses tomorrow, or today or whenever the
12 hearing will take place, and so express concern that this may
13 be more than a day.
14    THE COURT:  You're in the best position to know
15 whether this is going to take more than a day or not.  We've
16 been down this road before.  I spent a day and a half to two
17 days on this already.  So we really need a precise estimate
18 from you, as precise as it can be, how long this is going to
19 take, because it's already delayed the trial, and I am
20 concerned about further disruption to the schedule.
21    MR. TREMONTE:  Understood, your Honor.  Again, the
22 government has indicated that each of the six directs will be
23 approximately 15 minutes.  So even if the cross is three to
24 four times the length of the direct in every instance, we
25 should be able to complete three in the morning and three in

the afternoon comfortably.  So, again, I would ask the Court to consider adjourning the commencement until tomorrow morning, and we, of course, can be here early.

THE COURT:  All right.  I'll grant the application. We'll begin the hearing at 9:00 tomorrow, and I hope we can complete it.

Do the lawyers wish to say anything else before we adjourn for the day?

MS. TARLOW:  Not from the government, your Honor.

MR. TREMONTE:  Nothing for Mr. Landji, your Honor.

MR. DUNN:  Nothing on behalf of Mr. Adamu, your Honor.

THE COURT:  All right.  So we're adjourned until 9 a.m. tomorrow.  Thank you.

MS. TARLOW:  Thank you, your Honor.

(Adjourned to October 8, 2021, at 9:00 a.m.)